### MILLAUDON vs. PERCY & AL.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court The plaintiff states, that he is joint owner with defendant, of a sugar plantation, situated in the parish of Jefferson; that he does not wish to remain so any longer, and that the property cannot be conveniently divided. He, therefore, prays that his part of the property may be sold for cash, and the defendant's on such terms and conditions as he may think proper.

The defendant admits he is owner of an undivided fourteenth part of the plantation, and negroes described in the plaintiff's petition; but denies that the plaintiff is owner of the other thirteen fourteenths.

An inventory is to precede the partition of every estate.

But it may be made after the partition is ordered.

The report of the experts on the expediency of selling, is not conclusive.

He also states, that the plaintiff cannot have a partition, because he is illegally in possession of the property, and has refused to render an account of the profits; and that it would be contrary to justice and the interest of the defendant to have the property sold in one lot.

After the cause had been at issue for some time on these allegations, Martin intervened, and stated, that he was interested in the cause, being part owner for a twenty-eighth undivided part of the plantation; and that his claim being contested, he had commenced suit against the plaintiff, to have his right settled. He, therefore prayed, that the court would not order a sale of the property until his claim should be decided.

The court decreed, the plantation and slaves to be sold together—the plaintiff's proportion to be sold for cash, and the defendant's and the intervening party's, at such terms of credit as they might think fit.

The defendant and the interpleader, both appealed.

A consent appears on record, signed by the counsel for the plaintiff and defendant, that three experts should be appointed to

EasternDis'ct
*April*, 1827.

MILLAUDON
*vs.*
PERCY & AL

ascertain whether it be more advantageous to sell the plantation in one lot, than to sell the slaves each separately, and the plantation also, separately from the slaves.

These experts reported, that it would be more advantageous to sell them together.

The first question for our decision, is presented on a bill of exceptions. The defendant, before the cause was opened, moved that an inventory might be made of the property held in common, between him and the plaintiff, according to the 1247th article of the civil code.

That article is in the following words:— "Every judicial partition shall be preceded by an inventory, in which the effects to be divided, shall be appraised, according to the form prescribed for public inventories."

It has been contended, that as this provision has been found under the head of successions, it does not apply to a case, such as that before us.

There would be a great deal of weight in this argument, if the 1304th article, contained in the same section of the code with that already cited, did not declare, that "all the rules established *in the present section*, with

the exception of that which relates to col-
lations, are applicable to partitions between
co-proprietors of the same thing, when
among the co-proprietors, any are absent,
minors, or interdicted, or when the co-pro-
prietors, of age and present, cannot agree on
the partition, and the manner of making it."

We do not see how this direction can be
dispensed with, and of that opinion was the
judge below; for though he refused to con-
tinue the cause until an inventory could be
made, he ordered, that it should be taken
before the property was sold. So that, the
only question before us is, as to the time,
and we think the judge was right to hear and
decide on the propriety of making a parti-
tion, and the manner in which it should be
made, before he directed an inventory to be
taken. It was sufficient, if done at any time
before the sale, provided a sufficient period
was allowed to enable the parties to have
the errors in it corrected. The only objec-
tion, we think, which the defendant can
make to the judgment on this head, is, that
it does not, by prescribing a certain time for
the inventory, and for the sale, shew that
here was a sufficient interval between them

EasternDis'et
*April,* 1827.

MILLAUDON
*vs.*
PEROY & AL.

to enable the party aggrieved to have redress. But the opinion we have formed on another part of the case, renders it unnecessary to decide this point.

It has been already stated, that experts were appointed, to report whether it would be advantageous to sell the property in mass, and that they gave their opinion in the affirmative. When the case was on trial, the defendant offered evidence to shew that the opinion of the experts was erroneous. This evidence, the judge refused, and the appellant excepted.

This proceeding, of appointing *experts* to report their opinion on the main question in the cause, is quite novel to us. We should have thought that when the parties put their case to the court on the pleadings, that it was for it to decide, after hearing the evidence, whether the partition was to be made, and how it was to be made—in kind, or by a sale. However, as the parties chose to have their opinion, we need not inquire into the propriety of the course pursued.— The only question we are called on to decide, is, the effect of the report. By the one party, it is contended to be conclusive;

by the other, that nothing more was contemplated than to have the assistance of the experts, and the information they might afford, by the knowledge they were presumed to possess on the subject.

The latter, is the only purpose for which the law intends they should be appointed; and it is expressly declared, that the court is not bound to follow the opinion of the experts, in the decision of a case. *Code of practice, art.* 452, & 458.

But the appellee contends that the appellant cannot have the benefit of this rule, because he suffered the report to be confirmed without opposition. None was filed in writing, as it is required by law, it should be.— *Code of Practice*, 457.

The law certainly supports the appellee in this objection; but then, if he insists on this severe practice, it is proper he should be bound by the same rules himself, and the article of the code of practice just preceding that quoted by him against the appellant, requires that the party wishing to avail himself of the report of experts, &c. must call on the adverse party, to show cause in ten days, why the same should not be homologated.

EasternDis'ct
*April,* 182.7

MILLAUDON
*vs.*
PERCY & AL

The record shews here, that the defendant was called to answer it in five days; and certainly he was not, and cannot be considered in default for not answering this notice. Nor is the matter cured by the case being afterwards continued. We cannot, from that circumstance, imply a waver of the irregularity. If we did, we should also be obliged to extend to the appellant, the benefit of the same presumption, and hold that the "calling the cause for hearing," was a waver on the part of the appellee, that the opposition should be made in writing.

As the plaintiff, therefore, committed the first fault, he must take the consequences of it, and as the report should not have been confirmed, nor the testimony offered by the defendant in opposition to it, rejected, the case must be remanded.

It is therefore, ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; and it is further ordered, adjudged and decreed, that this case be remanded, to be proceeded in according to law; the appellee paying the costs of this appeal.

*Seghers & Grymes* for the plaintiff, *Denis* for the defendant.